# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

**No. ACM 39342 (rem)**

---

**UNITED STATES**
*Appellee*

**v.**

**Jerard SIMMONS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

---

On Remand from
The United States Court of Appeals for the Armed Forces

Decided 26 May 2022

---

*Military Judge:* Patricia A. Gruen.

*Approved sentence:* Dishonorable discharge, confinement for 12 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 14 July 2017 by GCM convened at Joint Base Langley-Eustis, Virginia.

*For Appellant:* Major Ryan S. Crnkovich, USAF; Captain David L. Bosner, USAF.

*For Appellee:* Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, POSCH, and KEY, *Appellate Military Judges*.

Chief Judge JOHNSON delivered the opinion of the court, in which Senior Judge POSCH and Senior Judge KEY joined.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

JOHNSON, Chief Judge:

Appellant's case is before this court for the third time. A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of

four specifications of sexual assault of a child, one specification of extortion, and one specification of producing child pornography in violation of Articles 120b, 127, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 927, 934.[1] The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for 12 years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Upon our initial review, we found Appellant was not entitled to relief with regard to the seven issues he raised; however, we found that a new post-trial process and action were required due to errors in the staff judge advocate's recommendation to the convening authority. *United States v. Simmons*, No. ACM 39342, 2019 CCA LEXIS 156 (A.F. Ct. Crim. App. 9 Apr. 2019) (unpub. op.) (*Simmons I*). Accordingly, we set aside the convening authority's action and returned the record of trial to The Judge Advocate General for remand to the convening authority. *Id.* at *57. On remand, after receiving additional clemency submissions from Appellant, the convening authority again approved the adjudged sentence.

Appellant's record returned to this court for completion of our review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. After re-docketing, Appellant raised an additional issue: whether he was entitled to relief due to delays in the processing of his case during the remand in light of *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Although we found no violation of Appellant's due process rights, we found some relief for unreasonable delay was warranted in light of *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002), and *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016). Accordingly, we affirmed the findings but only so much of the sentence as provided for a dishonorable discharge; confinement for 11 years, 11 months, and 20 days; forfeiture of all pay and allowances; and reduction to the grade of E-1. *United States v. Simmons*, No. ACM 39342, 2020 CCA LEXIS 356, at *16 (A.F. Ct. Crim. App. 2 Oct. 2020) (unpub. op.), *rev'd and remanded*, ___ M.J. ___, No. 21-0069, 2022 CAAF LEXIS 164 (C.A.A.F. 24 Feb. 2022) (*Simmons II*).

The United States Court of Appeals for the Armed Forces (CAAF) granted review with respect to one of the issues Appellant raised in his original appeal. The CAAF set aside the findings of guilty as to Charge II and its Specification, alleging extortion in violation of Article 127, UCMJ; affirmed the remaining findings; and set aside the sentence. The CAAF dismissed the set-aside charge and specification and returned the record to The Judge Advocate General for

---

[1] All references in this opinion to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2012 ed.). All other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.).

remand to this court to either reassess the sentence or to order a sentence rehearing. *United States v. Simmons*, ___ M.J. ___, No. 21-0069, 2022 CAAF LEXIS 164, at *20 (C.A.A.F. 24 Feb. 2022).

On remand, Appellant urges us to order a rehearing on the sentence, whereas the Government contends we should reassess the sentence. We find reassessment is appropriate and take corresponding action in our decretal paragraph.

## I. BACKGROUND

We provided the factual background of Appellant's case in our first opinion. *See Simmons I,* unpub. op. at *3–7. A recapitulation of the evidence presented at trial is unnecessary here; for purposes of the current remand, a summary of the circumstances of the charges and specifications will suffice.

Appellant's offenses involve two girls under the age of 16 years, AS and CL, with whom Appellant developed sexual relationships when he was an 18-year-old high school student in Norfolk, Virginia. Appellant then joined the Air Force in August 2013. After completing basic training, he returned to the Norfolk area on leave in late December 2013 before attending technical training. After Appellant completed technical training he was stationed near Norfolk at Joint Base Langley-Eustis, Virginia. Appellant was convicted of several offenses as a result of his continued sexual activity with AS and CL after joining the Air Force.

With respect to AS, Appellant was convicted of three specifications of sexual assault on a child in violation of Article 120b, UCMJ, between on or about 20 August 2013 and on or about 31 August 2014, by penetrating AS's vulva, anus, and mouth with his penis, each on divers occasions. Appellant was also convicted of knowingly and wrongfully producing child pornography in violation of Article 134, UCMJ, between on or about 1 July 2014 and on or about 8 July 2014, by making a video of AS engaged in sexually explicit conduct, specifically a video of her face with his penis in her mouth.

With respect to CL, Appellant was convicted of one specification of sexual assault on a child in violation of Article 120b, UCMJ, on a single occasion on or about 31 December 2013, by penetrating CL's mouth with his penis.

Appellant was also convicted of one specification of extortion of CL in violation of Article 127, UCMJ, on divers occasions between on or about 27 October 2013 and on or about 31 December 2014, by threatening to publicize an image of CL performing oral sex on Appellant in order to obtain oral sex from CL. As described above, the CAAF set aside the finding of guilty as to this charge and specification, and dismissed them.

## II. DISCUSSION

### A. Law

Under Article 59(a), UCMJ, 10 U.S.C. § 859(a), a court-martial sentence may not be held incorrect by virtue of legal error "unless the error materially prejudices the substantial rights of the accused." If we can conclude that an adjudged sentence would have been of at least a certain severity absent any error, "then a sentence of that severity or less will be free of the prejudicial effects of error; and the demands of Article 59(a) will be met." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We have broad discretion first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). In deciding whether to reassess a sentence or return a case for a rehearing, we consider the totality of the circumstances including the following factors: (1) "Dramatic changes in the penalty landscape and exposure;" (2) "Whether an appellant chose sentencing by members or a military judge alone;" (3) "Whether the nature of the remaining offenses capture[s] the gravamen of criminal conduct included within the original offenses and . . . whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses;" and (4) "Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial." *Id*. at 15–16 (citations omitted).

### B. Analysis

Consideration of the totality of the circumstances including the *Winckelmann* factors leads us to the conclusion that we may reliably reassess the sentence. We address these factors below.

#### 1. Dramatic Changes to Penalty Landscape and Exposure

We find there has been only a slight change in Appellant's punitive exposure. The parties agree that the setting aside of Appellant's conviction for extortion reduced the maximum imposable term of confinement from 153 years to 150 years. The other potential elements of the sentence—including the dishonorable discharge, forfeitures, and reduction in grade actually imposed—were unaffected by the change. In addition, Appellant remains convicted of sexual assault committed against two child victims, AS and CL. Accordingly, we conclude there has been no dramatic change in the penalty landscape or Appellant's punitive exposure, and this factor weighs in favor of reassessment.

### 2. Sentencing by Court Members

Appellant was sentenced by a panel of officer members rather than by a military judge. This factor weighs in favor of a sentence rehearing. *See id.* at 16.

### 3. Gravamen of Criminal Conduct and Aggravating Circumstances

We find the remaining offenses do retain the "gravamen of criminal conduct included within the original offenses." *Id.* Appellant remains convicted of five of the original six offenses of which he was found guilty. In addition, as measured by maximum authorized punishments, Appellant remains convicted of the five most serious offenses of which he was found guilty. With regard to significant or aggravating circumstances, we conclude that during presentencing proceedings the court members could have considered Appellant's threats as an aggravating circumstance relating to the sexual assault of CL. In other words, the court members would have received essentially the same evidence during the court-martial without the extortion specification. Accordingly, we find this factor favors reassessment.

### 4. Type of Offenses

This court has significant experience reviewing convictions for sexual offenses against children, including sexual assault by committing sexual acts with children under the age of 16 years. We also have significant experience in reviewing convictions for child pornography offenses, including the creation of child pornography by filming sexual acts with minors. We find this factor also weighs in favor of reassessment.

### 5. Additional Considerations

We recognize that our determination whether to reassess a sentence is "based on the totality of the circumstances presented," and is not limited to the four factors articulated in *Winckelmann. Id.* at 15. Among the other circumstances we have considered is that Appellant has been serving his term of confinement since 14 July 2017, nearly five years ago. His direct appeal has already wound its way through multiple appellate court opinions and remands. Where we may reliably determine what sentence would have been imposed at Appellant's court-martial absent the error, without requiring another court-martial proceeding and additional appellate review,[2] reassessment also serves the interests of judicial efficiency and finality. *Cf. id.* ("Remanding to a *new*

---

[2] *See United States v. Johnson*, 45 M.J. 88, 90 (C.A.A.F. 1996).

court-martial 'merely substitute[s] one group of nonparticipants in the original trial for another.'") (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)).

In addition, we are mindful that this court previously awarded Appellant a ten-day reduction in his term of confinement due to unreasonable post-trial delay. Reassessing the sentence ourselves allows us to take this prior award of relief into consideration to ensure Appellant retains the benefit, and we have done so in our decretal paragraph.

**6. Reassessment**

For the foregoing reasons, we find reassessment of Appellant's sentence appropriate. The remaining question is what sentence will remove the prejudicial effect of Appellant's erroneous conviction for extortion.

The Government contends we should reassess and affirm the same sentence this court previously affirmed in *Simmons II*, citing *inter alia* the minimal change in the maximum imposable sentence and the continued admissibility of the evidence related to Appellant's threats to CL as an aggravating circumstance of the sexual assault of CL. We agree that the evidence and arguments presented at Appellant's court-martial would have been substantially similar without the extortion specification. However, the charged extortion received significant attention at the court-martial. Although by one measure the least serious of the six offenses for which Appellant was found guilty, the extortion specification exacerbated the sexual assault of CL. We do not discount the likelihood that the court members included some quantum of punishment in their sentence specifically to punish Appellant for the crime of extorting CL.

Having considered the totality of the circumstances, we conclude that a sentence without Appellant's conviction for extortion would have included at least a dishonorable discharge; confinement for 9 years, 11 months, and 20 days; forfeiture of all pay and allowances; and reduction to the grade of E-1.

### III. CONCLUSION

The findings of guilty as to Charge I and its four specifications and Charge III and its Specification were previously affirmed. We reassess the sentence to a dishonorable discharge; confinement for 9 years, 11 months, and 20 days; forfeiture of all pay and allowances; and reduction to the grade of E-1. The sentence as reassessed is correct in law and fact, and no additional error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

The sentence as reassessed is **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court